In re:

  KLE Equipment Leasing LLC, et al.,[1]

      Debtors.

Case No. 25-22922-gmh
Chapter 11 Proceedings
Jointly Administered

**DEBTORS' MOTION TO APPROVE (i) TRANSFER OF COLLATERAL TO DE LAGE LANDEN FINANCIAL SERVICES, INC. IN FULL SATISFACTION OF ITS ALLOWED SECURED CLAIM AND (ii) STIPULATION RELATED TO THE TRANSFER**

Olson Equipment Leasing, LLC ("Olson Equipment"), KLE Equipment Leasing LLC, ECI, Inc. and Kirk L. Ecklund (collectively, the "Debtors") move, pursuant to § 363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), for approval of (i) the transfer of collateral in which De Lage Landen Financial Services, Inc. ("DLL") has first priority perfected liens and is listed on the attached **Exhibit A** ("DLL's Collateral") to DLL free and clear of all liens and encumbrances, except the liens of DLL, in full satisfaction of DLL's allowed secured claim and (ii) approval of a stipulation with DLL related to the transfer and its agreement as to plan terms on its allowed unsecured claims. The stipulation is attached as **Exhibit B** (the "DLL Stipulation").

In support of this motion, the Debtors state as follows:

**Jurisdiction**

1.  On May 21, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] Jointly administered with Olson Equipment Leasing, LLC, (Case No. 25-22923-gmh), Wausau Office Space LLC, (Case No. 25-22925-gmh), Kirk L. Ecklund (Case No. 25-22927-gmh), ECI, Inc. (Case No. 25-22929-gmh) and Elite Carriers, LLC (Case No. 25-22931-gmh). This motion relates to Olson Equipment Leasing, LLC, KLE Equipment Leasing LLC, ECI, Inc. and Kirk L. Ecklund.

2. The Debtors continue to manage their business and affairs as a debtors-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference in this district entered pursuant to § 157(a).

4. This is a core proceeding under 28 U.S.C. §157(b)(1). It concerns the administration of the Debtors' estates, a matter relating to confirmation of the plan, and an order approving the lease of property under § 157(b)(2)(A), (L) and (M).

### Factual Basis for the Relief Sought

5. Olson Equipment Leasing entered into three loans with DLL on February 27, 2023, March 1, 2023 and July 10, 2023 for the purchase of the DLL Collateral. Debtors Kirk L. Ecklund and ECI, Inc., f/k/a Ecklund Logistics, Inc., guaranteed all three loans. KLE Equipment Leasing LLC guaranteed only the July 10, 2023 loan.[2] DLL has perfected its liens in the DLL Collateral.

6. After the Petition Date, the Debtors agreed to provide DLL with monthly adequate protection payments of $12,000 per month. (Order, ECF No. 157, ¶ 4.)

7. DLL filed proofs of claim as claim nos. 23, 5, 25 and 29 in the cases of KLE Equipment Leasing LLC, Olson Equipment Leasing, ECI, Inc. and Kirk L. Ecklund, respectively. DLL attached the loan documentation to its proofs of claim.

8. DLL asserted a claim against each of the Debtors in the amount of $1,153,495.92 as of the Petition Date. DLL asserted a fair market value of the DLL Collateral of $795,300.00 as

---

[2] DLL believes that KLE Equipment Leasing LLC may be liable for all three loans given the broad spreader language in the guaranty, whereby KLE Equipment Leasing LLC agreed to guarantee "[a]ll obligations owing directly or by assignment from Customer [Olson Equipment Leasing, LLC] to DE LAGE LANDEN FINANCAIL SERVICES, INC. ("**Company**"), by and between Customer and Company and those incurred or to be incurred in connection with any financing to be provided by Company." DLL expressly reserves all rights with respect to the guaranty and any amounts owed thereunder.

2

of the Petition Date. The Debtors agree with that value. The result is that DLL has an allowed secured claim of $795,300.00 and an allowed unsecured claim of $358,195.92.

9. Based upon the standard formula that the Debtors adopted in their proposed joint plan of reorganization filed as ECF No. 479 for creditors that provided equipment financing, the Debtors would pay estimated monthly installments of $10,779.47 on DLL's allowed secured claim and $3,542.05 on its allowed unsecured claim.

10. The Debtors have determined that they can operate without the DLL Collateral, saving an estimated $10,779.47 in monthly installments under the proposed plan.

11. As a result, the Debtors determined that transferring the DLL Collateral to DLL free and clear of all liens, except the liens of DLL, and allowing it to retain its adequate protection payments of approximately $120,000.00 in full satisfaction of its allowed secured claim and DLL retaining its allowed unsecured claims is in the best interests of the Debtors' reorganization. Further, DLL has agreed to vote to accept a plan that has the terms for its allowed unsecured claim, including guaranty claims, as stated in the proposed plan filed, ECF No. 479. The Debtors believe this will reduce fees and costs associated with confirmation of the proposed plan.

**Legal Basis for Relief Sought**

**Transfer of DLL's Collateral to DLL**

12. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." A sale of the debtor's assets should be authorized under § 363 of the Bankruptcy Code if a sound business purpose exists for the proposed transaction. *See, e.g., In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("Under Section 363, the debtor in possession can sell property of the

3

estate . . . if he has an 'articulated business justification'").

13. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors"); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand").

14. Section 363(f)(2) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if the holder of the interest consents. The satisfaction of any of requirement of § 363(f) suffices to allow for the sale of property free and clear. *Compak Co., LLC v. Johnson*, 415 B.R. 334, 338-39 (N.D. Ill. 2009).

15. Here, as reflected on the attached stipulation, the holder of the interest, DLL, consents.

**Approval of the Stipulation**

16. Under Rule 9019(a), a bankruptcy court should approve a compromise and settlement if it is in the best interests of the debtor, its creditors and the bankruptcy estate, and is fair and equitable. A settlement is "fair and equitable" if it is reasonably consistent with competing interests' relative priorities. *E.g., In re American Reserve Corp.*, 841 F.2d 159, 161-63 (7th Cir. 1987).

17. A court considers several factors when analyzing whether to approve a settlement, including "a comparison of the settlement's terms with the litigation's probability of success, the

4

litigation's complexity, and the litigation's attendant expense, inconvenience, and delay (including the possibility that disapproving the settlement will cause wasting of assets)." *Id.* at 161.

18. A debtor's decision to enter into a settlement agreement under Rule 9019 should be accorded with some deference by the courts. *See, In re Healthco Int'l, Inc.*, 136 F.3d 45, 54 at n. 5 (1st Cir. 1998) (citing I*n re Moorhead Corp.*, 208 B.R. 87, 89 (Bankr. 1st Cir. 1997) ("the [bankruptcy] judge…is not to substitute her judgment for that of the [debtor-in-possession], and the [debtor-in-possession's] judgment is to be accorded some deference."). Furthermore, "[c]ompromises are favored in bankruptcy." *See*, Richard Levin & Henry J. Sommer, 10 Collier on Bankruptcy ¶9019.01 (16th ed. 2020).

<b>"Cause" Exists to Grant the Motion</b>

**Transfer of DLL's Collateral to DLL**

19. DLL is an under secured creditor. The Debtors have determined they can get by without retaining the DLL Collateral, which will reduce their post-confirmation installments.

20. Additionally, transferring the DLL Collateral saves costs for DLL, reducing its cost to foreclose on its liens. Those costs would reduce the amount of its allowed secured claim and increase its allowed unsecured claim – increasing installments on the unsecured claim under a plan.

21. Finally, transferring DLL Collateral to DLL is consistent with the Bankruptcy Code. Under § 362(d)(1), the automatic stay could be lifted for an under secured creditor to realize on its collateral when the collateral is not necessary for an effective reorganization. Further, under a plan, a debtor could choose to transfer the collateral to the creditor in satisfaction of the creditor's allowed secured claim. § 1129(b)(2)(A)(iii); *Matter of Sandy Ridge Development Corp.*, 881 F.2d

5

1346, 1350 (5th Cir. 1989); see also, *In re National Truck Funding LLC*, 588 B.R. 175, 184 (Bankr. S.D. Miss. 2018); *In re Bate Land & Timber LLC*, 877 F.3d 188, 197-8 (4th Cir. 2017).

**Approval of the Stipulation**

22.     In the Debtors' opinion, the value of the DLL Collateral transferred plus its retention of the adequate protection payments due to the approval of this motion are equivalent. *See, In re Drs. Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (the settlement must be reasonably equivalent to the value of the claims being surrendered). If a settlement falls within the reasonable range of possible litigation outcomes, the reasonable equivalence standard is met. *In re energy Co-op*, 886 F.2d 921, 929 (7th Cir. 1989). Here, the settlement is within the range of possible outcomes.

23.     Further, the Stipulation provides financial and cost saving benefits, and furthers the Debtors' reorganization efforts. A dispute over the valuation of collateral is avoided. The Debtors will not have costs related to issues that DLL may raise over confirmation of a plan. DLL will vote to accept a plan that treats unsecured creditors substantially the same as the plan being proposed.

<b>Notice of the Motion</b>

24.     Notice of this motion will be mailed to all creditors. They will have an opportunity to object on or before June 17, 2026, as provided in Fed. R. Bankr. P. 2002(a)(2) and (3), and LR 9014-1(a) (Bankr. E.D. Wis.).

<b>Waiver of any Stay</b>

25.     If no objection is filed to this motion, the Debtors request that the order approving it waive any applicable stay of its effect under Fed. R. Bankr. P. 6006(h).

6

**Conclusion**

Wherefore, the Debtors requests approval of (i) the transfer of the DLL Collateral in full satisfaction of its allowed secured claim and (ii) the DLL Stipulation, together with other relief as is just.

Dated: May 27, 2026.

/s/ Jerome R. Kerkman
Jerome R. Kerkman

Kerkman & Dunn
Attorneys for the Debtors

Contact Information:

839 N. Jefferson Street, Suite 400
Milwaukee, WI  53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

7

**Exhibit A**
**Description of DLL Collateral**

| Debtor Company | Contract Identifying No. of Creditor | Identifying No. of Debtor | Description of Collateral |
|---|---|---|---|
| Olson Equipment | 500-50482680-1 (Loan 1) | 960 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-2 (Loan 1) | 953 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-3 (Loan 1) | 943 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-4 (Loan 1) | 954 9102 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-5 (Loan 1) | 941 | 2019 IHC Lonestar |
| | Totals | | |
| | | | |
| Olson Equipment | 500-50483438-1 (Loan 2) | 959 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-2 (Loan 2) | 955 9103 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-3 (Loan 2) | 945 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-4 (Loan 2) | 952 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-5 (Loan 2) | 951 | 2019 IHC Lonestar |
| | Totals | | |
| | | | |
| Olson Equipment | 500-50521108-1 (Loan 3) | 5240 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-10 (Loan 3) | 5249 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-11 (Loan 3) | 5250 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-12 (Loan 3) | 5251 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-13 (Loan 3) | 5252 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-2 (Loan 3) | 5241 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-3 (Loan 3) | 5242 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-4 (Loan 3) | 5243 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-5 (Loan 3) | 5244 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-6 (Loan 3) | 5245 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-7 (Loan 3) | 5246 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-8 (Loan 3) | 5247 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-9 (Loan 3) | 5248 | 2021 Utility Trailers |

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

KLE Equipment Leasing LLC, *et al.*,[1]

Debtors.

Case No. 25-22922-gmh
Chapter 11 Proceedings
Jointly Administered

## STIPULATION REGARDING TRANSFER OF COLLATERAL AND PLAN TERMS BETWEEN DE LAGE LANDEN FINANCIAL SERVICES, INC. AND THE DEBTORS

This Stipulation (the "Stipulation") is entered into by and among De Lage Landen Financial Services, Inc. ("DLL") and Olson Equipment Leasing, LLC ("Olson Equipment"), KLE Equipment Leasing LLC, ECI, Inc. and Kirk L. Ecklund (collectively, the "Debtors") as of May 27, 2026:

### Recitals

A.      On May 21, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. They continue to manage their business and affairs as debtors-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

B.      Olson Equipment entered into three loans with DLL on February 27, 2023, March 1, 2023 and July 10, 2023 for the purchase of the certain tractor trucks and trailers that are identified on the attached **Exhibit A** (the "DLL Collateral").

C.      Kirk L. Ecklund and ECI, Inc., f/k/a Ecklund Logistics, Inc., guaranteed all three loans. KLE Equipment Leasing LLC guaranteed only the July 10, 2023 loan.[2]

---

[1] Jointly administered with Olson Equipment Leasing, LLC, (Case No. 25-22923-gmh), Wausau Office Space LLC, (Case No. 25-22925-gmh), Kirk L. Ecklund (Case No. 25-22927-gmh), ECI, Inc. (Case No. 25-22929-gmh) and Elite Carriers, LLC (Case No. 25-22931-gmh). This motion relates to Olson Equipment Leasing, LLC, KLE Equipment Leasing LLC, ECI, Inc. and Kirk L. Ecklund.

[2] DLL believes that KLE Equipment Leasing LLC may be liable for all three loans given the broad spreader language in the guaranty, whereby KLE Equipment Leasing LLC agreed to guarantee "[a]ll obligations owing directly or by

D.　　DLL has perfected its liens in the DLL Collateral. The liens have priority superior to any other liens that may exist in the DLL Collateral.

E.　　After the Petition Date, the Debtors agreed to provide DLL with monthly adequate protection payments of $12,000 per month.

F.　　The Debtors have made adequate protection payments, commencing in July 2025; to date, 10 adequate protection payments have been made.

G.　　DLL filed proofs of claim as claim nos. 23, 5, 25 and 29 in the cases of KLE Equipment Leasing LLC, Olson Equipment Leasing, ECI, Inc. and Kirk L. Ecklund, respectively.

H.　　DLL asserted a claim against each of the Debtors in the amount of $1,153,495.92 as of the Petition Date. DLL asserted a fair market value of the DLL Collateral of $795,300.00 as of the Petition Date. The Debtors agree with that value. The result is that DLL has an allowed secured claim of $795,300.00 and an allowed unsecured claim of $358,195.92 as of the Petition Date.

I.　　The Debtors filed a proposed joint plan of reorganization on April 30, 2026 with ECF No. 479 (the "Proposed Plan"). Under the Proposed Plan, the Debtors proposed to pay the allowed unsecured claim with interest in estimated monthly installments of $3,542.05 for 120 months after the effective date of the Proposed Plan.

J.　　The Debtors have determined that they can operate without the DLL Collateral, saving them monthly installments on DLL's allowed secured claim under the Proposed Plan.

assignment from Customer [Olson Equipment Leasing, LLC] to DE LAGE LANDEN FINANCAIL SERVICES, INC. ("**Company**"), by and between Customer and Company and those incurred or to be incurred in connection with any financing to be provided by Company."　DLL expressly reserves all rights with respect to the guaranty and any amounts owed thereunder.

K.     As a result, the Debtors determined that transferring the DLL Collateral to DLL on the terms of this Stipulation is in the best interests of the Debtors and their estates.

L.     DLL agrees the transfer of the DLL Collateral to DLL on the terms of this Stipulation is in its best interests.

Accordingly, in consideration of their mutual obligations and consideration stated in this Stipulation, DLL and the Debtors agree as follows:

**Agreement**

1.     DLL and the Debtors agree that the above Recitals are true.

2.     The Debtors shall transfer ownership of the DLL Collateral to DLL free and clear of all liens and encumbrances, except for the liens of DLL, within 10 calendar days after the Bankruptcy Court enters an order approving this Stipulation (the "Stipulation Effective Date").

3.     On or before the Stipulation Effective Date, the Debtors shall deliver the DLL Collateral to the following location at the Debtors' sole expense:

> Taylor & Martin Auction Lot
> 13587 East Manito Road
> Perkin, IL 61544

4.     The DLL Collateral shall be in the same condition as of the Petition Date, except for reasonable and ordinary wear and tear, when it is delivered to Taylor & Martin Auction Lot.

5.     When delivered, the Debtors shall have de-identified the DLL Collateral so that all markings indicating ownership or association with any of the Debtors or entities related to them have been removed.

6.     The Debtors shall make all adequate protection payments due under the Order entered on July 29, 2025 as ECF No. 157, at ¶ 4, until the day on which the Debtors have delivered

**Exhibit B**

all of the DLL Collateral. If for any reason the DLL Collateral is not delivered to DLL and/or the DLL Collateral is required to be returned to the Debtors, the Debtors shall remain liable for the monthly adequate protection payments, including any that came due during any interim period in which the DLL Collateral was temporarily in DLL's possession or otherwise no longer under the Debtors' control.

7.      DLL shall retain all adequate protection payments required to be made.

8.      The transfer and delivery of the DLL Collateral under the terms of the Stipulation will be in satisfaction of DLL's allowed secured claim against the Debtors.

9.      DLL shall have an allowed unsecured claim in the amount of $358,195.92 against the Debtors that shall be paid as provided in the Proposed Plan.

10.     DLL shall timely return all ballots sent to it by the Debtors' accepting the Proposed Plan provided that the terms of the plan sent to creditors for voting shall not have materially changed from the Proposed Plan as it relates to the treatment of DLL's allowed unsecured claims.

11.     DLL shall take no action that is contrary to the Debtors' seeking confirmation of their plan sent to creditors for voting provided that plan shall not have materially changed from the Proposed Plan as it relates to the treatment of DLL's allowed unsecured claims.

12.     This Stipulation is contingent on the Bankruptcy Court entering an order approving it without material changes by July 10, 2026, unless extended by DLL and the Debtors. If the Bankruptcy Court does not approve this Stipulation by July 10, 2026, or such other date as extended by DLL and the Debtors, this Stipulation is void.

**Exhibit B**

| | |
|---|---|
| */s/Jerome R. Kerkman*  | *Matthew A. Skonick* |
| Jerome R. Kerkman | Matthew A. Skonick |
| | |
| Kerkman & Dunn | Fox Rothschild LLP |
| Attorneys for the Debtors | Attorneys for DLL |

Contact Information:

| | |
|---|---|
| 839 N. Jefferson Street, Suite 400 | 2001 Market St., Suite 1700 |
| Milwaukee, WI  53202-3744 | Philadelphia, PA 19103 |
| Phone: 414.277.8200 | Phone: 215.299.1932 |
| Facsimile: 414.277.0100 | Facsimile: 215.299.2150 |
| Email: jkerkman@kerkmandunn.com | Email: mskolnick@foxrothschild.com |

**Ex. B - 5**

**Exhibit B**

**Exhibit A**
**Description of DLL Collateral**

| Debtor Company | Contract Identifying No. of Creditor | Identifying No. of Debtor | Description of Collateral |
|---|---|---|---|
| Olson Equipment | 500-50482680-1 (Loan 1) | 960 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-2 (Loan 1) | 953 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-3 (Loan 1) | 943 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-4 (Loan 1) | 954 9102 | 2019 IHC Lonestar |
| Olson Equipment | 500-50482680-5 (Loan 1) | 941 | 2019 IHC Lonestar |
|  | Totals |  |  |
|  |  |  |  |
| Olson Equipment | 500-50483438-1 (Loan 2) | 959 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-2 (Loan 2) | 955 9103 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-3 (Loan 2) | 945 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-4 (Loan 2) | 952 | 2019 IHC Lonestar |
| Olson Equipment | 500-50483438-5 (Loan 2) | 951 | 2019 IHC Lonestar |
|  | Totals |  |  |
|  |  |  |  |
| Olson Equipment | 500-50521108-1 (Loan 3) | 5240 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-10 (Loan 3) | 5249 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-11 (Loan 3) | 5250 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-12 (Loan 3) | 5251 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-13 (Loan 3) | 5252 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-2 (Loan 3) | 5241 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-3 (Loan 3) | 5242 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-4 (Loan 3) | 5243 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-5 (Loan 3) | 5244 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-6 (Loan 3) | 5245 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-7 (Loan 3) | 5246 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-8 (Loan 3) | 5247 | 2021 Utility Trailers |
| Olson Equipment | 500-50521108-9 (Loan 3) | 5248 | 2021 Utility Trailers |

**Ex. B - 6**